IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANKLIN HEAPS** | : | |
| *Plaintiff,* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **COUNTY OF CHESTER** *et al.* | : | |
| *Defendants* | : | No. 23-3833 |

**MEMORANDUM**

PRATTER, J.                                                                                       NOVEMBER 6, 2023

*Pro Se* Plaintiff Franklin Heaps, a pretrial detainee at Chester County Prison, brings this Complaint pursuant to 42 U.S.C. § 1983 based on allegations that prison officials threw out his dentures after a routine search of his cell. For the following reasons, the Court will grant Mr. Heaps leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Heaps will be given an opportunity to file an amended complaint.

**BACKGROUND**

Mr. Heaps names the following defendants in the Complaint: (1) County of Chester; (2) Correctional Officer Duran; (3) Correctional Officer Preswood; and (4) Correctional Officer Mitchell. Compl. at 2-4.[1] He alleges that on September 12, 2023, Defendants Officer Duran, Officer Preswood, and Officer Mitchell, all employed by the Chester County Prison, conducted a "routine" search of Mr. Heaps' cell. During the search, the officers "destroy[ed] his cell," threw all his clothes on the floor, and confiscated his "dental dentures." Mr. Heaps kept his dentures in an empty tea bag box in his drawer. Mr. Heaps states that he "always take[s the dentures] out" and

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

"most of the time [he] only wear[s] them on the street if [he is] going out or sometimes to eat." Mr. Heaps alleges that Defendants searched his cell and confiscated his dentures to "retaliate" against him for his "use of grievance procedures" regarding "past abusive acts" by Defendants towards Mr. Heaps.

After being permitted back in his cell, Mr. Heaps began to clean up "the mess [Defendants] made" when he noticed that the box containing his dentures was gone. Mr. Heaps proceeded to ask Officer Preswood and another correctional officer not named as a defendant if they had seen his dentures and offered to sift through the trash himself to look for them. Both officers responded no. The other correctional officer even cursed at Mr. Heaps and threatened to throw out his belongings if he asked about his dentures again. Mr. Heaps alleges that Defendants destroyed his dentures "on purpose." He further alleges that Defendants used a routine cell search, which is a "well-known and widely accepted" custom at Chester County Prison, to justify their "targeted" and "bias[ed]" behavior towards Mr. Heaps to destroy his personal property. For injuries, Mr. Heaps alleges that he suffers discomfort and pain while eating as well as "mental trauma and severe paranoia." Based on these facts, Mr. Heaps asserts claims for deliberate indifference, retaliation, and due process.

## Legal Standard

The Court grants Mr. Heaps leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v.*

---

[2] Because Mr. Heaps is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

*McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Heaps is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## DISCUSSION

The Court understands Mr. Heaps to assert a retaliation claim under the First Amendment and a due process claim and deliberate indifference claim under the Fourteenth Amendment. Mr. Heaps also asserts a municipal liability claim against Chester County. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). For the following reasons, Mr. Heaps fails to state a plausible constitutional claim.

## I. First Amendment Retaliation

Mr. Heaps alleges that the individual Defendants—Correctional Officers Duran, Preswood and Mitchell—intentionally confiscated his dentures to retaliate against him for using the grievance process. The Court understands Mr. Heaps to assert a First Amendment retaliation claim, which requires that he allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016).

Mr. Heaps' allegations, as pled, do not state a plausible retaliation claim. Although the filing of a grievance constitutes constitutionally protected conduct, *see id.*, Mr. Heaps has not provided sufficient factual allegations about any grievances he filed, including when they were filed, and against whom, from which the Court could determine whether there is a plausible causal link between the grievances and Mr. Heaps' alleged harm. Instead, Mr. Heaps states in mere conclusory terms that the correctional officers caused harm to his property for their own "personal gain, including to retaliate over [Mr. Heaps'] use of grievance procedures with defendants past abusive acts." Compl. at 6. This lack of specificity is not sufficient to state a claim. Accordingly, Mr. Heaps' retaliation claims will be dismissed.

## II. Deliberate Indifference

Mr. Heaps also alleges that, by confiscating his dentures, Defendants were deliberately indifferent to his medical and safety needs. To assert a deliberate indifference claim, Mr. Heaps must allege facts indicating that prison officials were deliberately indifferent to his serious medical

4

needs.³ *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (internal citations and quotations omitted).

Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id.*; *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (noting that a serious medical need exists where "failure to treat can be expected to lead to substantial and unnecessary suffering").

---

³ Because Mr. Heaps was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*).

Assuming the loss of his dentures presents a serious medical need, Mr. Heaps' claims nevertheless fail as pled because he has not alleged any facts raising a plausible inference that Officers Preswood, Duran, or Mitchell were deliberately indifferent to that medical need. Mr. Heaps does not allege that any of the correctional officers even knew about Mr. Heaps' need for the dentures or that not having his dentures created an excessive risk to Mr. Heaps' health or safety. Accordingly, Mr. Heaps' claim for deliberate indifference will be dismissed.

### III. Due Process Claims

Mr. Heaps also appears to assert a due process claim under the Fourteenth Amendment based on allegations that the correctional officers confiscated his dentures. Any due process claim based on Mr. Heaps' loss of property fails. To the extent the claim is based on any negligent acts by the correctional officers, "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

To the extent that Mr. Heaps' claim is based on any intentional acts by the correctional officers to confiscate the dentures, the claim also fails. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The prison's grievance procedure and the Pennsylvania Tort Claims Act provide sufficient remedies for intentional deprivations of property by state employees. *See Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000) (holding that prison grievance system provides adequate post-deprivation remedy); *Shareef v. Moore*, 844 F. App'x 487, 488 (3d Cir.) (*per curiam*) (finding

Cir.) (*per curiam*) (finding no due process violation where inmate had access to adequate post-deprivation remedy to address confiscation and destruction of property and legal papers), *cert. denied*, 142 S. Ct. 146 (2021). Accordingly, Mr. Heaps' due process claim is not viable and must be dismissed with prejudice.

### IV. Claim against Chester County[4]

The Court understands Mr. Heaps' claim against Chester County to be based on the County's policy of allowing routine cell searches. To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978). "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).

---

[4] Mr. Heaps sued Officers Duran, Preswood, and Mitchell in their individual and official capacities. Suing an officer or employee in his official capacity is essentially a means of pleading claims against an entity of which the officer or employee is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Accordingly, the Court will dismiss Mr. Heaps' official capacity claims as duplicative of his claims against Chester County, which is also named as a defendant in this case. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) ("The district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District."); *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006) ("Because Cuvo is suing Palmer Township, the suit against the officers in their official capacities is redundant.").

It is not enough, however, to allege the existence of a policy or a custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Id.* (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged. *Id.* (quoting *Bielevicz*, 915 F.2d at 850). A plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019).

Mr. Heaps alleges that Chester County's "policy involving cell searches was used to destroy [his] personal property" and that the individual Defendants "base[d] their actions on routine cell searches" but instead targeted Mr. Heaps for non-penological reasons. Mr. Heaps' municipal liability claim fails for several reasons.

First, because Mr. Heaps has not stated a plausible underlying constitutional violation, there is no basis for a *Monell* claim against Chester County on these facts. *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013) ("It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim.") (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (if a municipal employee "inflicted no constitutional injury . . ., it is inconceivable that [the municipality] could be liable")).

Second, Mr. Heaps' allegations simply paraphrase the standard for municipal liability, and thus are too vague and generalized to support a plausible claim. *See, e.g., Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*." (citing cases)).

8

Finally, the facts do not support an inference that a Chester County policy or custom—conducting routine cell searches—violated Mr. Heaps' constitutional rights. Mr. Heaps appears to instead allege that the actions of the individual Defendants—and not the policy itself—violated his constitutional rights. Accordingly, Mr. Heaps' municipal liability claim against Chester County will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will grant Mr. Heaps leave to proceed *in forma pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Mr. Heaps' official capacity claims and due process claims will be dismissed with prejudice. The balance of the Complaint will be dismissed without prejudice.

In addition, Mr. Heaps' Motion for Appointment of Counsel will be denied without prejudice as premature. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). The Court will grant Mr. Heaps leave to file an amended complaint in the event he can cure the defects the Court has identified in his claims dismissed without prejudice. An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

9